IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY W. FALLS,
        Plaintiff,

v.                                                 Civil Case No. 3:14cv315

KATMAI SUPPORT SERVICES, LLC,
KATMAI INFORMATION TECHNOLOGIES, LLC,
KATMAI GOVERNMENT SERVICES, LLC, and
MICHAEL E. BROWN
        Defendants.

## MEMORANDUM OPINION

The defendants seek to transfer this case to the United States District Court for the District of Alaska. 28 U.S.C. § 1404(a), Federal Rule of Civil Procedure 12(b)(3). The Court finds the balance tips in favor of transfer because of the parties' attenuated connection to the Eastern District of Virginia, and because the transfer will meet the interests of justice. Accordingly, the Court transfers the case to the District of Alaska.

### I. Facts

Anthony W. Falls formed 1CI, Inc., a Delaware corporation, in 1987 to engage in contracting, construction, and project management. In 2006, Falls sold his 1CI shares to Cape Fox, an Alaskan company with its principal office in Alaska. Falls signed an Employment Agreement with Cape Fox and remained employed as CEO of 1CI. Unfortunately for Falls, the Small Business Administration later terminated 1CI's participation in a business development program. Consequently, Michael Brown,[1] the CEO of Cape Fox, and Katmai Support Services ("KSS") entered into a Management Services Agreement ("MSA") in November 2009. Under

---

[1] Brown was originally a defendant in this case, but Falls voluntarily dismissed him. (Dk. No. 20.)

this agreement, KSS assumed the position as ICI's CEO effective November 1, 2009. Cape Fox terminated Falls' employment on January 11, 2010.[2] These events give rise to this case.

KSS, Katmai Information Technologies, LLC, ("KIT") and Katmai Government Services, LLC, ("KGS") are all Alaskan limited liability companies with their principal places of business in Anchorage, Alaska. KSS and KIT are wholly-owned subsidiaries of KGS. Two of the defendants, KSS and KIT, have registered to transact business in Virginia, and each has appointed a registered agent to accept service of process in Virginia. KIT has agents and employees physically located in Virginia. The plaintiff resides in Maryland, and at the time of the events giving rise to this suit he worked in Maryland.

## II. Discussion

In deciding whether to transfer venue, "a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). The second inquiry requires a balance of four factors: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 994-95 (E.D. Va. 2011) (quoting *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010)).

### A. The Transferee Forum

In diversity cases, such as this one, venue lies in any judicial district where all the defendants reside. 28 U.S.C. § 1391(b)(1). Here, all three corporate defendants are citizens of Alaska, so the plaintiff could have filed suit there.

---

[2] Falls and Cape Fox litigated their dispute through arbitration in April 2014.

### B. *The Plaintiff's Choice of Forum, Convenience of the Parties and Witnesses, and the Interest of Justice*

"The initial choice of forum, from among those possible under the law, is a privilege given to the plaintiff." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007) (quoting *Koh*, 250 F. Supp. 2d at 633). The plaintiff's choice of forum "is typically entitled to 'substantial weight,' especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action." *Heinz Kettler*, 750 F. Supp. 2d at 667. Accordingly, the "[p]laintiff's choice of venue is entitled to substantial weight, unless plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum." *JTH Tax*, 482 F. Supp. 2d at 736.[3]

The plaintiff resides in Maryland and thus, the chosen forum is not his home forum. When the plaintiff's choice of forum is neither the nucleus of operative facts nor the plaintiff's home forum, the plaintiff's choice receives less weight. *Intranexus, Inc. v. Siemens Med. Solutions Health Serv. Corp.*, 227 F. Supp. 2d 581, 583 (E.D. Va. 2002).[4] The complaint provides no indication that the choice of forum reasonably and logically relates to the cause of action. For these reasons, the Court will not give Falls' choice of forum substantial weight. *Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 316 n.9 (E.D. Va. 2013).

To assess convenience to the parties and witnesses, the Court considers factors such as the "ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the

---

[3] *Hanover Ins. Co. v. Paint City Contractors, Inc.*, 299 F. Supp. 2d 554, 556 (E.D. Va. 2004); *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988).

[4] *See also Cognitronics Imaging Sys. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000) (finding a plaintiff's choice in venue lacks "substantial weight" when the "plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum").

717 n.13 (E.D. Va. 2005). The plaintiff admits that sources of proof in this case are largely electronic and, thus, can be accessed anywhere. As such, the location of evidence does not favor Virginia. The plaintiff has hired two expert witnesses from Virginia, but does not indicate that the witnesses cannot travel to Alaska or that videotaped depositions will not suffice. The defendants have ten witnesses located outside Virginia in Alaska, California, Washington, and Florida. No compelling evidence indicates Virginia is a necessary forum for the witnesses or the parties in this case; only the plaintiff's two experts are Virginia residents. While these factors weigh in favor of transfer, the Court also realizes the plaintiff will bear a burden if the Court transfers the case to Alaska. Ultimately, the convenience factor does not weigh heavily in favor of or against Virginia.

The interest of justice encompasses public interest factors aimed at "systemic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S. Ct. 2239, 2244 (1988). "Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity." *Samsung*, 386 F. Supp. 2d at 721 (citation omitted). "Systemic integrity, however, must also necessarily take account of a party's attempt to game the federal courts through forum manipulation." *Id.* (citation omitted).

In some cases, "the interest of justice may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a different direction." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006).[5] "When determining

---

[5] *Samsung*, 386 F. Supp. 2d at 716 (quoting 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3847 at 370)).

whether a fair proceeding requires a transfer of venue, courts often consider docket congestion,[6] interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Samsung*, 386 F. Supp. 2d at 721 n.16.[7]

The defendants, as citizens of Alaska, have very little, if any, connection to Virginia. The Employment Agreement at issue requires Alaskan law to govern disputes arising out of the agreement. The Complaint fails to specify any event that took place in Virginia or otherwise connecting the case to Virginia. Accordingly, the interest of justice weighs in favor of transferring the case to the District of Alaska.

## IV. Conclusion

For the reasons set forth above, the Court will transfer this action to the District of Alaska pursuant to 28 U.S.C. § 1404(a).

The Court will enter the appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: 12/4/14
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[6] In this case, the Eastern District of Virginia and the District of Alaska's docket conditions are not a dispositive factor because no record has been developed to support either. *See Samsung*, 386 F. Supp. 2d at 723-24. It is well known, however, that cases move swiftly in the Eastern District of Virginia. The Court has said many times over that "[t]his Court cannot stand as a willing repository for cases which have no real nexus to this district." *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 699 (E.D. Va. 2000) (citation omitted).

[7] *Carpenter v. Parker Drilling Offshore USA, Inc.*, 2005 WL 1432373, *1 (E.D. La. 2005) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

5